UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| HILDA L. SOLIS, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, <br><br> Plaintiff, <br><br> v. <br><br> HI-HEALTH SUPERMART CORPORATION, an Arizona corporation; SIMON D. CHALPIN, an individual; <br><br> Defendants. | Case No.: 2:11-cv-00690-SRB <br><br> **CONSENT JUDGMENT AND ORDER AS TO DEFENDANTS HI-HEALTH SUPERMART CORPORATION and SIMON D. CHALPIN** |

WHEREAS Plaintiff, HILDA L. SOLIS, Secretary of Labor, United States Department of Labor filed her Complaint on April 7, 2011, and Defendants HI-HEALTH SUPERMART CORPORATION (hereinafter "HI-HEALTH"), an Arizona corporation, and SIMON D. CHALPIN, an individual, each of whom hereby acknowledge receipt of a copy of the Complaint herein, acknowledge filing an Answer by and through their counsel on June 17, 2011, and having been duly advised on the proceedings, and having agreed to the entry of this Consent Judgment in settlement of this case without contest.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that pursuant to Section 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201-219, (hereinafter the "Act" or the "FLSA"), that defendant HI-HEALTH, its officers, agents, servants, employees, and all persons in active concert or participation with them be, and they hereby are, permanently enjoined and restrained from violating the provisions of the Act in any of the following manners:

1. Defendant HI-HEALTH shall not, contrary to Sections 7 and 15(a)(2) of the Act, fail to pay its employees wages at a rate of one and one-half times the regular rate of pay for all hours worked in excess of a 40-hour workweek, unless the employees are otherwise exempt under Section 13 of the Act. For defendant HI-HEALTH to consider store managers exempt, such managers must spend at least 50 percent of their total hours worked performing supervisorial duties and they must regularly and customarily supervise the equivalent of two full-time[1] employees;

2. With respect to each of its employees, defendant HI-HEALTH shall not, contrary to Sections 11(c) and 15(a)(5) of the Act, fail to make, keep, and preserve records, as prescribed by the regulations duly promulgated under Section 11(c) and found in 29 C.F.R. § 516, showing employees' hours worked each workday and each workweek, the regular rate of pay, the basis upon which wages are paid, the total straight time earnings for each workweek, the total overtime excess compensation, the nature and amount of each deduction made each workweek, and other relevant identifying information pertaining to each employee.

3. Defendant HI-HEALTH shall not request, solicit, suggest or coerce, directly or indirectly, any employee to return or to offer to return to defendant HI-HEALTH, or to someone else for defendant HI-HEALTH, any money in the form of cash, check or any other form for wages previously due or to become due in the future to said employee under the provisions of this judgment or the Act; nor shall defendant HI-HEALTH accept or receive from any employee, either directly or indirectly, any money in the form of cash, check or any other form for wages heretofore or hereafter paid to said employee under the provisions of this judgment or the Act; nor shall defendant HI-HEALTH discharge or in any other manner discriminate, or solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from defendant HI-HEALTH under the provisions of this judgment or the Act.

**FURTHER, JUDGMENT IS HEREBY ENTERED**, pursuant to Section 16(c) of the Act, in favor of the Secretary and against the defendants in the total amount of $229,672.24, as set forth in paragraphs 4 and 5 below.

4. IT IS FURTHER ORDERED that Plaintiff shall recover from Defendant HI-HEALTH the

---

[1] "Full-time" is defined as a minimum of 40 hours worked per week.

sum total of $163,272.11 in FLSA overtime wage back wages for Defendant HI-HEALTH's employees, as listed and allocated in the attached Exhibit A, for the period from June 20, 2008 through June 1, 2012. Payment shall be made by Defendant HI-HEALTH in the total amount specified as back wages owed for all employees listed on the attached Exhibit A less deductions for each employee's share of social security, Medicare and withholding taxes by sending a certified or cashier's check made payable to "Wage and Hour Division, Labor" by certified mail to the United States Department of Labor, Wage and Hour Division, Phoenix District Office, Federal Building & Courthouse, 230 N. First Street, Suite 402, Phoenix, Arizona 85025.  Defendant HI-HEALTH will deduct all withholdings based on the last Form W-4 and Arizona Form A-4 for each current or former employee in its files.  Defendant HI-HEALTH will remain responsible for computing and paying all relevant employer taxes, including any applicable federal, state or local taxes.  Defendant HI-HEALTH shall supply workers' payroll and contact information to the U.S. Department of Labor.  Plaintiff shall distribute the back wages paid by Defendant HI-HEALTH under this Consent Judgment and Order to the employees identified in Exhibit A or their estates, if that is necessary.  Any money not so paid within three (3) years because of inability to locate said employees or because of their refusal to accept said proceeds shall be deposited forthwith with the Treasury of the United States pursuant to 28 U.S.C. § 2041.

     5.    IT IS FURTHER ORDERED that Plaintiff shall recover from Defendant HI-HEALTH the sum total of $66,400.13 in FLSA liquidated damages for Defendant HI-HEALTH's employees, as listed and allocated in the attached Exhibit A, for the period from June 20, 2008 through June 1, 2012. Payment shall be made by Defendant HI-HEALTH in the total amount specified as liquidated damages owed for all employees listed on the attached Exhibit A by sending a certified or cashier's check made payable to "Wage and Hour Division, Labor" by certified mail to the United States Department of Labor, Wage and Hour Division, Phoenix District Office, Federal Building & Courthouse, 230 N. First Street, Suite 402, Phoenix, Arizona 85025.  Defendant HI-HEALTH will not deduct any withholdings from such liquidated damages amounts and, instead, will provide each current or former employee with a Form 1099 at the end of the year for tax purposes.  Plaintiff shall distribute the liquidated damages paid by Defendant HI-HEALTH under this Consent Judgment and Order to the employees identified in Exhibit A or their estates, if that is necessary.  Any money not so paid within three (3) years because of inability to

locate said employees or because of their refusal to accept said proceeds shall be deposited forthwith with the Treasury of the United States pursuant to 28 U.S.C. § 2041.

6.  IT IS FURTHER ORDERED that Defendant HI-HEALTH shall provide Plaintiff with a schedule in duplicate showing the name, last known address, social security number, gross amount of wages due, amounts deducted from gross wages for each employee's share of social security and withholding taxes, and the net amount of such payment for each employee named in Exhibit A. Defendants also will indicate any deductions for 401K contributions, as directed by current employees, in the schedule.

7.  IT IS FURTHER ORDERED that Defendant HI-HEALTH shall provide the following notice of employee rights to all of their workers along with their next regularly scheduled payroll checks in the following form:

**Notice of Employee Rights**

> This is to notify you that the Company has entered into a settlement with the U.S. Department of Labor whereby the Company has agreed to pay certain Associates back wages and liquidated damages for their employment during the period of June 20, 2008 through June 1, 2012 in payment for wages due under the Fair Labor Standards Act (FLSA). The FLSA provides that all non-exempt employees must be paid wages at a rate of one and one-half times the regular rate of pay for all hours worked in excess of a 40-hour workweek.
>
> Defendant HI-HEALTH SUPERMART CORPORATION has agreed voluntarily to pay the back wages and liquidated damages calculated by the Department, and to take other affirmative steps to achieve FLSA compliance.
>
> If you think you are not being paid in accordance with the law, you can call the U.S. Department of Labor, Wage and Hour Division, at 602-514-7120. Your name will be kept confidential.

Defendant HI-HEALTH also will provide the above-referenced Notice to all current and former employees listed on Exhibit A with a letter, the form of which is attached as Exhibit B to this Consent Judgment and Order, explaining the purpose of the Notice of Employee Rights and the back wage and liquidated damages payments ("settlement checks") they will be receiving pursuant to this Consent Judgment, and with the paystub outlining all applicable tax withholdings for the settlement checks.

8.  IT IS FURTHER ORDERED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

9.  Further, the filing, pursuit, and/or resolution of this proceeding with the filing of the Stipulation and Consent Judgment and Order shall not act as or be asserted as a bar to any action under

1  Section 16(b) of the FLSA, 29 U.S.C. § 216(b), as to any employee not named on Exhibit A, which is
2  attached to the Consent Judgment and Order and incorporated herein by reference, or as to any employee
3  named on Exhibit A for any period not specified in Paragraphs 5 and 6 herein.
4         10.    Upon entry of this Consent Judgment and Order, Defendant SIMON CHALPIN is hereby
5  dismissed by stipulation of the parties.
6         11.    IT IS FURTHER ORDERED that this Court retains jurisdiction of this action for purposes
7  of enforcing compliance with the terms of this Consent Judgment and Order.

        Dated this 18th day of January, 2013.

                                      *Susan R. Bolton* (signature)
                                      Susan R. Bolton
                                      United States District Judge

EXHIBIT A
TO CONSENT JUDGMENT
AND ORDER

| Employee Name | BW Due June '08-June '10 | BW Due Off-Clock Hrs. | Liquidated Damages Due | Total Due |
|---|---|---|---|---|
| Aguilar, Baudelio R. | $335.63 | | $136.50 | $472.13 |
| Allen, Kristie L. | $4,924.15 | $948.36 | $2,388.25 | $8,260.76 |
| Anthony, Daniel S. | $2,231.99 | | $907.71 | $3,139.70 |
| Arangure, Carla R. | $801.18 | $59.29 | $349.94 | $1,210.42 |
| Auerbach, Michelle D. | $3,096.03 | $1,317.50 | $1,794.91 | $6,208.45 |
| Austin, John D. | $5,558.37 | $1,730.48 | $2,964.26 | $10,253.11 |
| Bardaweel, Alexander N. | $2,243.29 | | $912.31 | $3,155.61 |
| Barnes, Montana S. | $406.62 | | $165.37 | $571.99 |
| Bauer, Brenda | $1,180.45 | | $480.07 | $1,660.53 |
| Beale, Jeremie M. | $777.20 | | $316.07 | $1,093.27 |
| Berns, Andrea D. | $2,310.41 | | $939.61 | $3,250.02 |
| Best-Trammel, Gabrielle L. | $1,531.91 | | $623.00 | $2,154.91 |
| Broderick, Trudi M. | $2,103.13 | $1,730.48 | $1,559.07 | $5,392.67 |
| Bunten, Rebecca W. | $349.35 | | $142.07 | $491.42 |
| Bush, Kristine L. | $319.47 | | $129.93 | $449.40 |
| Colon, Patrick T. | $5,246.72 | $1,766.05 | $2,851.98 | $9,864.75 |
| Cons, Robin L. | $828.28 | | $336.85 | $1,165.13 |
| Crum, Victoria M. | $4,671.45 | $2,219.02 | $2,802.24 | $9,692.71 |
| Damico, James | $1,318.03 | $408.45 | $702.13 | $2,428.62 |
| Deems, Wendy P. | $1,220.19 | | $496.23 | $1,716.42 |
| Diamond, Bonnie L. | $934.95 | | $380.23 | $1,315.17 |
| Enriquez, Sonia | $1,087.42 | | $442.24 | $1,529.66 |
| Foshee, Suzette A. | $503.56 | | $204.79 | $708.35 |
| Gallagher, Richard T. | $2,700.97 | $665.02 | $1,368.89 | $4,734.88 |
| Goddin, Sherelyn E. | $2,015.56 | | $819.70 | $2,835.26 |
| Golly, Nicole E. | $1,339.07 | | $544.58 | $1,883.64 |
| Guzman, Daniel | $147.84 | | $60.12 | $207.97 |
| Hamedanizadeh, Parvin | $3,928.59 | $2,114.74 | $2,457.73 | $8,501.06 |
| Harmon, Valerie M. | $3,803.16 | $1,883.18 | $2,312.54 | $7,998.88 |
| Hasan, Qazi M. | $1,963.68 | $1,839.41 | $1,546.65 | $5,349.74 |
| Heiser, Daniel W. | $796.13 | | $323.77 | $1,119.91 |
| Hill, Paula R. | $323.05 | | $131.38 | $454.43 |
| Janman, Jaime L. | $250.14 | | $101.73 | $351.87 |
| Johnson, Hannah B. | $1,369.98 | | $557.15 | $1,927.13 |
| Kooistra, John H. | $912.18 | $1,695.27 | $1,060.41 | $3,667.86 |
| Lenhardt, Dana M. | $175.94 | | $71.55 | $247.50 |
| Lilly, Oran A. | $1,286.34 | | $523.14 | $1,809.48 |
| Lopez, John R. | $2,506.22 | $2,291.49 | $1,951.15 | $6,748.86 |
| Lopez, Juan D. | $1,261.09 | $2,107.33 | $1,369.88 | $4,738.30 |
| Lostumo, Rosemary | $2,241.49 | $2,273.13 | $1,836.02 | $6,350.64 |
| Lyons, Sean T. | $3,025.51 | $2,092.43 | $2,081.39 | $7,199.33 |
| Marschel, William S. | $3,200.83 | $1,929.34 | $2,086.36 | $7,216.52 |
| McEntire, Kimberlee A. | $1,539.99 | $2,131.92 | $1,493.31 | $5,165.22 |
| Mead, Mandi M. | $1,126.09 | | $457.96 | $1,584.05 |
| Meek, Sonia R. | $920.13 | | $374.20 | $1,294.34 |
| Mickleborough, Alexia J. | $2,998.87 | $1,011.99 | $1,631.15 | $5,642.01 |
| Morris, Cynthia | $593.90 | | $241.53 | $835.43 |
| Nusser, Nancy A. | $127.35 | | $51.79 | $179.14 |
| O'Donnel, Marilyn S. | $661.69 | | $269.10 | $930.78 |

Page 1

| Employee Name | BW Due June '08-June '10 | BW Due Off-Clock Hrs. | Liquidated Damages Due | Total Due |
|---|---|---|---|---|
| Ollendick, Jennifer | $2,754.68 | | $1,120.29 | $3,874.97 |
| Partridge, Christina N. | $1,698.71 | | $690.84 | $2,389.55 |
| Placek, Jeff M. | $3,529.84 | $1,521.29 | $2,054.21 | $7,105.34 |
| Porcelli, Cheryl K. | $6,402.25 | $2,131.25 | $3,470.44 | $12,003.94 |
| Scholberg, Eric B. | $3,034.96 | | $1,234.27 | $4,269.23 |
| Scoville, Lilian V. | $1,998.76 | | $812.86 | $2,811.62 |
| Servin, Megen A. | $2,733.13 | $2,042.15 | $1,942.03 | $6,717.31 |
| Simpson, Jason M. | $484.59 | | $197.08 | $681.67 |
| Stephens, Rebecca | $3,300.24 | | $1,342.15 | $4,642.39 |
| Storz, Ernest J. | $1,410.04 | | $573.44 | $1,983.48 |
| Tafoya, Daniel D. | $4,014.00 | | $1,632.43 | $5,646.43 |
| Taylor, Joshua J. | $1,352.20 | | $549.92 | $1,902.12 |
| Westbrook, Elizabeth A. | $366.21 | | $148.93 | $515.14 |
| Wheat, Katie M. | $456.92 | | $185.82 | $642.75 |
| Wilson, Nancy | $406.48 | | $165.31 | $571.79 |
| Woods, Yvonne N. | $4,133.51 | $2,090.43 | $2,531.18 | $8,755.12 |
| TOTAL DUE | $123,272.11 | $40,000.00 | $66,400.13 | $229,672.24 |

Dear **NAME**:

You recently received, or will soon receive, two checks from the U.S. Department of the Treasury. Here's why: As explained in the enclosed notice, Hi-Health Supermart has entered into a litigation settlement with the U.S. Department of Labor, resolving claims that a class of employees, including yourself, had not been fully paid under federal wage laws for all hours worked. These checks have been issued to you as part of this settlement. Consistent with the Consent Judgment entered by the Court in this matter, Hi-Health deducted all applicable withholdings based on your last Form W-4 and Arizona Form A-4 in our files. Enclosed is a pay stub outlining all tax withholdings.

Hi-Health also will provide you with applicable tax statements for these payments early next year, including a Form W-2 and a Form 1099. In addition, Hi-Health is providing you with the enclosed Notice of Employee Rights as part of this settlement.

If you have any questions regarding the withholdings for these checks, please contact Barbara Rasmussen at 480-951-9000, ext. 1048.

Regards,


Mitchell A. Chalpin
President
Hi-Health Supermart Corporation